IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE N. OLSZEWSKI<br>26942 Southwood Lane<br>Olmsted Falls, Ohio 44138<br><br>Plaintiff,<br><br>v.<br><br>THE CLEVELAND CLINIC FOUNDATION<br>9500 Euclid Avenue, NA-4<br>Cleveland Oh 44195<br><br>PLEASE ALSO SERVE<br>STATUTORY AGENT:<br>CT Corporation System<br>4400 Easton Commons Way, Ste 125<br>Columbus, Ohio 43219<br><br>Defendant. | ) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES AND REINSTATEMENT**<br><br>**(Jury demand endorsed herein)** |

Plaintiff, Denise N. Olszewski ("Olszewski"), by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

## PARTIES

1. Olszewski is a resident of the city of Olmsted Falls, Cuyahoga County, state of Ohio.
2. Defendant The Cleveland Clinic Foundation, LLC ("Cleveland Clinic") is a domestic non-profit corporation with its principal place of business in the state of Ohio and Cuyahoga County.
3. Defendant Cleveland Clinic, at all times listed herein, operated a hospital in Cuyahoga County located at Lakewood, Ohio.
4. During all times material to this Complaint, Cleveland Clinic was an "employer" within the meaning of O.R.C. § 4112.01(A)(2).
5. At all times herein, Olszewski was acting in the course and scope of her employment.





**JURISDICTION & VENUE**

6. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Olszewski is alleging federal law claims under 29 U.S.C. § 2601 *et seq*., Family and Medical Leave Act, ("FMLA"), and The Americans with Disabilities Act ("ADA") 42 U.S.C. § 12112.
7. This Court has personal jurisdiction over Cleveland Clinic because it is a domestic corporation that is registered to conduct business in this District, and at all times material to the allegations contained herein, conducted substantial business in this District and had sufficient minimum contacts within this District.
8. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Olszewski's Ohio Law claims because those claims derive from the same common core of operative facts and are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.
9. All material events alleged in this Complaint occurred in Cuyahoga County.
10. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C.§ 1391, because it is the district court of the district, division, and county within which Defendants operated and where a substantial part of the events or omissions giving rise to the claim occurred.
11. Within 300 days of the conduct alleged below, Olszewski filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in Charge No. 532-2018-01558 ("Olszewski EEOC Charge of Discrimination").
12. On March 15, 2019, the EEOC issued and mailed a Dismissal and Notice of Rights letter regarding the Olszewski EEOC Charge of Discrimination.
13. Olszewski received the Dismissal and Notice of Rights letter from the EEOC, in accordance with 42 U.S.C. § 2000e-5(f)(1), which is attached hereto as Exhibit 1.







14. Olszewski has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407 (b).

15. Olszewski has filed this Complaint within 90 days of the issuance of the Dismissal and Notice of Rights letter.

**FACTS**

16. Olszewski is a former employee of Cleveland Clinic.

17. On or about September 21, 2015, Olszewski began working for Cleveland Clinic as a part time Health Unit Coordinator at Fairview Hospital.

18. In or around August 2016, Olszewski became a full time Health Unit Coordinator at the Cleveland Clinic.

19. In or around February 2017, Olszewski applied for and was offered a position in Cleveland Clinic's Lakewood Medical Building as a Patient Service Representative.

20. Olszewski suffers from Generalized Anxiety Disorder.

21. Olszewski suffers from Obsessive Compulsive Disorder ("OCD").

22. Olszewski is disabled.

23. In or around 2017, Olszewski began experiencing the symptoms associated with OCD and Anxiety related to the location where she was designated to park.

24. In or around 2017, Olszewski sought and secured her own accommodation for her OCD and anxiety and made arrangements to park her vehicle at a different location that did not aggravate her mental health medical conditions.

25. In or around 2017, Olszewski's supervisor knew that Olszewski was parking her vehicle in a different location than the area and never objected to Olszewski's accommodation.

26. In or around the summer of 2017, Olszewski informed her supervisor, Victoria Bacevice ("Bacevice") that she saw a psychiatrist who was treating her for OCD and anxiety.







27. In or around the summer of 2017, Olszewski's psychiatrist announced her retirement so Olszewski submitted a request to Bacevice to take off work to attend a medical appointment with her psychiatrist.

28. In or around 2017, Olszewski applied for intermittent leave under the FMLA.

29. In or around 2017, Olszewski was approved for intermittent leave under the FMLA.

30. Olszewski used FMLA to care for her daughter in May and June 2017.

31. Bacevice harassed Olszewski for using FMLA leave.

32. Bacevice harassed Olszewski because of Olszewski's medical conditions by ridiculing Olszewski's requests for an accommodation.

33. Bacevice harassed Olszewski because of Olszewski's medical conditions by accusing her of wanting "special" treatment when Olszewski asked for a reasonable accommodation.

34. Bacevice made comments to Olszewski in an effort to discourage Olszewski from using FMLA leave.

35. In response to Olszewski using FMLA leave in May and June 2017, Bacevice told Olszewski, "your daughter is old enough. She can [care for herself] on her own."

36. Bacevice made multiple harassing comments to Olszewski regarding Olszewski's use of FMLA.

37. Bacevice told Olszewski, "your FMLA always seems to occur on Fridays."

38. Bacevice told Olszewski, "I think it's 'coincidental' that your FMLA always occurs right before a weekend."

39. Bacevice told Olszewski, "Wow, do you have FMLA for that, too?"

40. Bacevice told Olszewski to stop telling her coworkers about the reasons for Olszewski's use of FMLA leave.

41. Bacevice told Olszewski that taking steps to secure prescription medications "aren't part of" FMLA leave.





42. In or around February 2018, Olszewski called off work.

43. In or around February 2018, Olszewski's coworkers began to harass Olszewski when she called off work to treat her medical conditions.

44. In or around February 2018, Olszewski's coworkers began to harass Olszewski when she utilized FMLA leave.

45. In or around February 2018, Olszewski received an overall rating of "commendable" on her annual performance review.

46. In or around February 2018, at or around the time that Olszewski and Bacevice met to discuss Olszewski's performance review, Olszewski and Bacevice discussed that Denise suffered from OCD and anxiety.

47. In or around February 2018, at or around the time that Olszewski and Bacevice met to discuss Olszewski's performance review, Bacevice told Olszewski that she wanted her to attend more meetings that started at 7:00am.

48. In or around February 2018, at or around the time that Olszewski and Bacevice met to discuss Olszewski's performance review, Olszewski informed Bacevice that alterations to her scheduled hours and normal routine, such as meetings that were set before her scheduled start time, caused Olszewski to experience symptoms of anxiety and OCD.

49. In or around February 2018, at or around the time that Olszewski and Bacevice met to discuss Olszewski's performance review, Olszewski requested that Bacevice accommodate her anxiety and OCD by providing advanced notice before early meetings so that Olszewski could still complete her normal routine without aggravating her anxiety and OCD.

50. In or around March 2018, Olszewski's supervisor, Kelly Wallings, and another Cleveland Clinic employee, Yvette Roman Scullin, appeared in a photograph made public on Facebook under





which Scullin posted a meme directed to Olszewski stating, "The tribe has spoken just passing thru [sic] has been voted off the island!"

51. In or around February 2018, Olszewski contacted human resourced to report that her coworkers were engaging in conduct that violated patient's rights under the Health Insurance Portability and Accountability Act ("HIPAA violations").
52. In or around February and March 2018, Olszewski sent several written messages to Cleveland Clinic about the HIPAA violations that Olszewski witnessed.
53. In or around March and April 2018, Bacevice told Olszewski that she could no longer park her vehicle in the area that Olszewski had been parking as an accommodation for her disabilities.
54. In or around March 2018, Olszewski provided the Cleveland Clinic with medical documentation from her doctor supporting her need for an accommodation in the form of parking arrangements.
55. In or around March and April 2018, Cleveland Clinic failed to enter into a meaningful dialogue with Olszewski regarding reasonable accommodations for her disability.
56. In or around March and April 2018, Olszewski made written complaints to Cleveland Clinic.
57. In or around March and April 2018, Cleveland Clinic told Olszewski that she was not authorized to use an area designated as public parking by the city of Lakewood.
58. In or around March and April 2018, Defendant knew or should have known that Olszewski had been parking in an area designated as public parking without issue since November 2017.
59. In or around April 2018, Olszewski secured her own accommodation by making parking arrangements with a facility adjacent to the Cleveland Clinic's Lakewood Medical Building ("April 2018 Parking Accommodation").
60. Cleveland Clinic revoked the April 2018 Parking Accommodation.
61. During the time period between March 2018 and October 2018, Olszewski experienced harassment and retaliation for reporting HIPAA violations.





62. During the time period between March 2018 and October 2018, Olszewski experienced harassment and retaliation for using FMLA leave.

63. During the time period between March 2018 and October 2018, Olszewski experienced harassment and retaliation for disclosing that she suffers from a disability.

64. During the time period between March 2018 and October 2018, Olszewski experienced harassment and retaliation for being associated with her daughter, a person who suffers from a disability.

65. During the time period between March 2018 and October 2018, Olszewski experienced harassment and retaliation for requesting an accommodation.

66. During the time period between March 2018 and October 2018, Olszewski experienced harassment and retaliation for reporting unlawful harassment and retaliation on the basis of disability.

67. In or around August 2018, Bacevice attempted to give Olszewski a rating of "unsatisfactory" on her performance review.

68. In or around August 2018, Bacevice as transferred to a different location within the Cleveland Clinic and Olszewski began reporting to a new manager.

69. In or around September 2018, Olszewski appealed the rating was able to get the rating changed to "satisfactory" after Bacevice attempted to rate Olszewski's performance as "unsatisfactory."

70. In or around September 2018, Olszewski filed an EEOC Charge of Discrimination.

71. After Olszewski filed her EEOC Charge of Discrimination, Olszewski experienced harassment and retaliation.

72. Olszewski was terminated on or about October 11, 2018.

73. Olszewski was terminated because she suffers from mental health medical conditions.

74. Olszewski was denied the opportunity to utilize FMLA leave.







75. Olszewski was terminated in retaliation for complaining about disability discrimination in March 2018.
76. Olszewski was terminated in retaliation for complaining about disability discrimination in February 2018.
77. Olszewski was terminated in retaliation for using FMLA leave.
78. Olszewski was terminated because she is disabled.
79. Olszewski was terminated because she associates with her daughter who is a person with a disability.
80. Olszewski was terminated in retaliation for filing her September 2018 EEOC Charge of Discrimination.
81. As a direct and proximate cause of the Defendant's conduct, Olszewski suffered and will continue to suffer damages.
82. As a direct and proximate cause of the Defendant's conduct, Olszewski suffered and will continue to suffer physical illness and emotional distress.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

83. Olszewski restates each and every prior paragraph of this Complaint, as if it were fully restated herein.
84. Olszewski is a member of a statutorily protected class based on her disability under the Rehabilitation Act of 1973 § 504 and the Americans with Disabilities Act of 1990.
85. During her employment Olszewski suffered from anxiety.
86. During her employment Olszewski suffered from OCD.
87. During her employment Olszewski suffered from mental health disabilities.
88. Olszewski is disabled.
89. Olszewski's conditions constituted physical impairments.







90. Olszewski's conditions substantially impaired one or more of her major life activities including working.

91. Olszewski suffered from a physical impairment that is regarded a disability, that periodically impaired Olszewski from performing the essential functions of her position.

92. Defendant treated Olszewski differently than other similarly-situated employees based on her disabling condition.

93. Throughout her employment, Olszewski was fully competent to perform her essential job duties.

94. Olszewski performed all the duties she was hired to do, and all that she was assigned that were not part of her position.

95. Defendant violated 42 U.S.C. § 12101 *et seq.* by treating Olszewski differently than other similarly situated employees based on her disability.

96. Defendant violated 42 U.S.C. § 12101 *et seq.* by discriminating against Olszewski due to her disability.

97. Defendant violated 42 U.S.C. § 12101 *et seq.* by using Olszewski's disability as a factor when evaluating her performance.

98. Defendant violated 42 U.S.C. § 12101 *et seq.* by using an employee's medical conditions and/or disabilities as factors when deciding what job duties and tasks are assigned to an employee.

99. Defendant violated 42 U.S.C. § 12101 *et seq.* by applying employment policies in a disparate manner based on an employee's status as disabled or non-disabled.

100. Defendant violated 42 U.S.C. § 12101 *et seq.* by applying disciplinary policies in a disparate manner based on an employee's status as disabled or non-disabled.

101. Defendant violated 42 U.S.C. § 12101 *et seq.* by failing to engage in a dialogue with Olszewski regarding potential reasonable accommodations.





102. Defendant violated 42 U.S.C. § 12101 *et seq.* by failing to provide Olszewski with reasonable accommodations for her disability.

103. Defendant violated 42 U.S.C. § 12101 *et seq.* by revoking reasonable accommodations that Olszewski secured.

104. Defendant violated 42 U.S.C. § 12101 *et seq.* by permitting Olszewski's coworkers to harass her because of her disability.

105. Defendant violated 42 U.S.C. § 12101 *et seq.* by permitting Olszewski's coworkers to harass her because of her association with a person who is disabled.

106. On or about October 11, 2018, Defendant terminated Olszewski without just cause.

107. At all times material herein, similarly situated non-disabled employees were not terminated without just cause.

108. Defendant terminated Olszewski based on her disabilities.

109. As a direct and proximate result of Defendant's conduct, Olszewski has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

110. As a direct and proximate cause of Defendant's conduct, Olszewski is entitled to all damages provided for in The Americans with Disabilities Act of 1990, as amended, including liquidated damages, costs and reasonable attorney's fees.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF OHIO R.C. 4112.01 *ET SEQ.***

111. Olszewski restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. During her employment Olszewski suffered from anxiety.

113. During her employment Olszewski suffered from OCD.

114. Olszewski is disabled.

115. Olszewski's conditions constituted physical impairments.







116. Olszewski's conditions substantially impaired one or more of her major life activities including working.

117. Defendant treated Olszewski differently than other similarly-situated employees based on her disabling condition.

118. Throughout her employment, Olszewski was fully competent to perform her essential job duties.

119. Olszewski performed all the duties she was hired to do, and all that she was assigned that were not part of her position.

120. Defendant violated Ohio Revised Code § 4112.01 *et seq.* by treating Olszewski differently than other similarly situated employees based on her disability.

121. Defendant violated R.C. § 4112.01 *et seq.* by discriminating against Olszewski due to her disability.

122. Defendant violated R.C. § 4112.01 *et seq.* by using Olszewski's disability as a factor when evaluating her performance.

123. Defendant violated R.C. § 4112.01 *et seq.* by using an employee's medical conditions and/or disabilities as factors when deciding what job duties and tasks are assigned to an employee.

124. Defendant violated R.C. § 4112.01 *et seq.* by applying employment policies in a disparate manner based on an employee's status as disabled or non-disabled.

125. Defendant violated R.C. § 4112.01 *et seq.* by applying disciplinary policies in a disparate manner based on an employee's status as disabled or non-disabled.

126. Defendant violated R.C. § 4112.01 *et seq.* by failing to engage in a dialogue with Olszewski regarding potential reasonable accommodations.

127. Defendant violated R.C. § 4112.01 *et seq.* by failing to provide Olszewski with reasonable accommodations for her disability.





128. Defendant violated R.C. § 4112.01 *et seq.* by revoking reasonable accommodations that Olszewski secured.

129. Defendant violated R.C. § 4112.01 *et seq.*. by permitting Olszewski's coworkers to harass her because of her disability.

130. On or about October 11, 2018, Defendants terminated Olszewski without just cause.

131. Defendant terminated Olszewski based on her disabilities.

132. Defendant violated Ohio Revised Code § 4112.01 *et seq.* by discriminating against, and terminating Olszewski based on her disabilities.

133. As a direct and proximate result of Defendant's conduct, Olszewski has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

134. As a direct and proximate cause of Defendant's conduct, Olszewski is entitled to all damages provided for in R.C.§ 4112.051, including liquidated damages, costs and reasonable attorney's fees.

**COUNT III: FMLA RETALIATION**

135. Olszewski restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

136. Olszewski worked at least twelve months with Defendant prior to her request for leave.

137. Olszewski worked at least 1,250 hours prior in the immediately preceding twelve months prior to her request for leave.

138. Olszewski was eligible for FMLA leave.

139. During her employment, Olszewski requested FMLA leave.

140. After Olszewski requested to use FMLA leave Defendant retaliated against her.

141. Defendant retaliated against Olszewski by targeting Olszewski for termination.





142. Defendant retaliated against Olszewski by applying their employment policies in a disparate manner based on whether an employee had used or requested to use FMLA leave.

143. Defendant retaliated against Olszewski by applying their disciplinary policies in a disparate manner based on whether an employee had used or requested to use FMLA leave.

144. Defendant retaliated against Olszewski by making harassing and offensive comments to Olszewski regarding her use of FMLA.

145. Defendant retaliated against Olszewski by terminating Olszewski.

146. Defendant willfully retaliated against Olszewski in violation of U.S.C. § 2615(a).

147. As a direct and proximate result of Defendant's wrongful conduct, Olszewski is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

148. As a direct and proximate result of the Defendant's conduct, Olszewski suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT IV: INTERFERENCE WITH FMLA RIGHTS UNDER 29 C.F.R. 825.220**

149. Olszewski restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

150. Defendant qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

151. Olszewski was an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

152. An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the [FMLA]. 29 C.F.R. 825.220 (a)(1).

153. Olszewski requested information about FMLA leave from Defendant.





154. Olszewski alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that Olszewski was denied her entitlement to leave as prescribed in FMLA.

155. Defendant permitted Olszewski's coworkers to discourage her use of FMLA leave.

156. As the result of Olszewski's termination, Olszewski has incurred, and is now incurring, a loss of wages and medical expenses, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial. These costs include, without limitation, lost wages and medical expenses during Olszewski's leave of absence, back pay from the effective date of termination, medical expenses from the date of termination, and lost employment benefits from the date of termination, the loss of front pay as of the date of employment benefits from the date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617. The costs also include attorneys' fees.

157. Olszewski alleges that pursuant to 29 U.S.C. § 2617(a), Defendant is liable to Olszewski for the costs described in the preceding paragraph.

158. As a direct and proximate result of the Defendant's conduct, Olszewski suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

159. As a direct and proximate result of Defendant's wrongful conduct, Olszewski is entitled to all damages provided for in the FMLA, including liquidated damages, costs, and reasonable attorney's fees.

**COUNT V: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)**

160. Olszewski restates each and every prior paragraph of this complaint, as if it were fully restated herein.

161. As a result of the Defendants' retaliatory and discriminatory conduct described above, Olszewski, complained to Defendant in or around March 2018.







162. As a result of the Defendants' retaliatory and discriminatory conduct described above, Olszewski, complained to Defendant in or around February 2018.

163. As a result of the Defendants' retaliatory and discriminatory conduct described above, Olszewski made the Olszewski EEOC Charge of Discrimination in September 2018.

164. After Olszewski engaged in protected activity, Defendant refused to provide necessary information to Olszewski in order for Olszewski to successfully complete her assigned tasks.

165. After Olszewski engaged in protected activity, Defendant permitted Olszewski to be subjected to ongoing harassment and retaliation.

166. After Olszewski engaged in protected activity, Defendant permitted Olszewski's supervisors to evaluate Olszewski in a negative manner.

167. After Olszewski engaged in protected activity, Defendant permitted Olszewski's supervisors to discipline Olszewski.

168. Defendant's actions were retaliatory in nature based on Olszewski 's opposition to the unlawful discriminatory and retaliatory conduct.

169. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

170. As a direct and proximate result of Defendant's termination of Olszewski, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT VI: RETALIATION IN VIOLATION OF OHIO WHISTLEBLOWER STATUTE R.C. § 4113.52**

171. Olszewski restates each and every prior paragraph of this Complaint, as if it were fully restated herein.





172. During her employment, Olszewski made verbal complaints to Defendant regarding potential HIPAA violations.

173. During her employment, Olszewski made written complaints to Defendant regarding potential HIPAA violations.

174. Olszewski reasonably believed that the conduct she reported constituted a violation of various laws and/or political subdivision regulations.

175. Olszewski reasonably believed that the conduct she reported posed an imminent risk of a hazard to public health or safety.

176. Olszewski gave Cleveland Clinic an opportunity to cure the reported misconduct.

177. After Olszewski complained to Defendants, Cleveland Clinic retaliated against Olszewski by applying disciplinary policies in an unfair manner towards Olszewski.

178. After Olszewski complained to Defendants, Cleveland Clinic retaliated against Olszewski by applying employment policies in an unfair manner towards Olszewski.

179. Olszewski was terminated on October 11, 2018.

180. Cleveland Clinic's termination of Olszewski was in violation of R.C. § 4113.52, *et seq*.

181. As a direct and proximate cause of Cleveland Clinic's conduct, Olszewski suffered and will continue to suffer damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Denise Olszewski respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Defendant to retroactively restore Plaintiff to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;





(b) An award against Defendant of compensatory and monetary damages to compensate Olszewski for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Olszewski's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Fred M. Bean*

Fred M. Bean (#0086756)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd, Ste 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: fred.bean@spitzlawfirm.com

*Attorney for Plaintiff Denise Olszewski*





**JURY DEMAND**

Plaintiff Denise Olszewski demands a trial by jury by the maximum number of jurors permitted.

*/s/ Fred M. Bean*
Fred M. Bean (#0086756)
**THE SPITZ LAW FIRM, LLC**

*Attorney for Plaintiff Denise Olszewski*



