**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DENISE OLSZEWSKI, | ) | **CASE NO.: 1:19-cv-00754** |
| | ) | |
| *Plaintiff,* | ) | **JUDGE CHRISTOPHER A.** |
| | ) | **BOYKO** |
| vs. | ) | |
| | ) | |
| THE CLEVELAND CLINIC | ) | **DEFENDANT'S MOTION AND** |
| FOUNDATION, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **ITS MOTION TO ENFORCE THE** |
| *Defendant.* | ) | **SETTLEMENT AGREEMENT AND** |
| | ) | **REQUEST FOR ATTORNEYS'** |
| | ) | **FEES AND COSTS** |

Defendant The Cleveland Clinic Foundation ("Cleveland Clinic"), by and through counsel, respectfully requests that this Court enter an Order enforcing the terms of the parties' settlement agreement and awarding attorneys' fees and costs.

**I.      FACTS**

The instant dispute arose out of the employment relationship between Plaintiff Denise Olszewski and the Cleveland Clinic.  On April 5, 2019, after that relationship ended, Plaintiff sued Defendant alleging that she was subjected to disability discrimination, FMLA interference, and FMLA retaliation.  *See* Docket. #1.  The Cleveland Clinic denied those allegations and the case proceeded through substantive discovery.  The parties exchanged written discovery, document productions, and the Cleveland Clinic deposed Plaintiff.

After exchanging an initial settlement demand and counteroffer pursuant to the Court's order, the parties resumed discussions in earnest after Plaintiff's deposition.

Those settlement discussions culminated on January 16, 2020[1] when the parties agreed, in writing, to a settlement.[2] (*See* Exhibit 2, Jan. 16 email exchange).  After including specifics in their January 16 communication, the parties then confirmed other relevant terms of the agreement on January 17. (*See* Exhibits 2 (Jan. 16 email) and 3 (Jan. 17 email exchange)).

The parties then even went so far as to agree to the particulars of their settlement in a draft Confidential Settlement and General Release (the "Settlement Agreement").  On January 24, the Cleveland Clinic's counsel provided a draft to Plaintiff's counsel and Plaintiff's counsel promptly proposed modifications. (*See* Exhibit 4, Jan. 24 email exchange). By January 28, the Cleveland Clinic accepted those proposed modifications and provided an updated agreement, thus finalizing every term of the parties' settlement.  (*See* Exhibit 5, Jan. 28 email).

Nonetheless, 15 days after initially settling the matter, the Cleveland Clinic learned of Plaintiff's attempt to repudiate her agreement.  On January 31, counsel for the Cleveland Clinic learned that Plaintiff had obtained new counsel and now alleged that she did not authorize the settlement. (*See* Exhibit 6, Ms. Brauer email). Then, on February 4, Plaintiff's initial counsel filed a motion to withdraw due to a breakdown in the attorney-client relationship. (*See* Docket #13).

As discussed below, Plaintiff has breached a clear and enforceable settlement agreement.

## II.     LEGAL ARGUMENTS

The parties reached a valid and enforceable settlement agreement on January 16. Thereafter, the parties further evidenced their settlement by reducing their agreement to writing and finalizing the particulars in their Settlement Agreement.  As discussed below, Plaintiff's after-the-fact attempt to repudiate the settlement are wholly insufficient under controlling law.

---

[1] All dates hereinafter occurred in 2020 unless specifically noted otherwise.
[2] The parties agreed to settle the matter shortly after Plaintiff's deposition and before the scheduled depositions of two Cleveland Clinic employees.  (*See* Exhibit 1, Notice of Depositions).

### A. It Is Well-Settled that a Settlement Agreement is a Binding Contract that Can and Should Be Summarily Enforced by the Court.

The justice system, and Ohio law, highly favor settlement agreements.[3] See *State ex rel. Wright v. Weyandt*, 50 Ohio St. 2d 194, 197 (1977); *Continental Condo. Unit Owners Ass'n v. Howard E. Ferguson, Inc*., 74 Ohio St. 3d 501, 502, 660 N.E.2d 31 (1996). As a result, courts have the power, and indeed the duty, to enforce settlement agreements voluntarily entered into by parties to a lawsuit. *Brock v. Scheuner Corp*., 841 F.2d 151, 154 (6th Cir. 1988); *see, also*, *Jaynes v. Austin*, 20 Fed. App'x 421, 425 (6th Cir. 2001). Courts have repeatedly held that a "settlement agreement . . . voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the court." *Spercel v. Sterling Industries, Inc*, 31 Ohio St. 2d 36, 40 (1972); *see, also*, *Steele v. Menards Home Improvement*, No. 2:16-cv-61, 2017 U.S. Dist. LEXIS 17106, at \*8 (S.D. Ohio Feb. 7, 2017).

This power, duty, and authority exists even in circumstances, unlike those here, where the settlement agreement has not been reduced to writing. *See Smith v. ABN AMRO Mortg. Grp., Inc*., 434 F. App'x 454, 460 (6th Cir. 2011) ("'[A]n oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract.'") (internal citations omitted). The "[t]erms of an oral contract may be determined from 'words, deeds, acts, and silence of the parties.'" *Res. Title Agency, Inc. v. Morreale Real Estate Servs*., 314 F. Supp. 2d 763, 769 (N.D. Ohio 2004) citing *Kostelnik v. Helper*, 96 Ohio St. 3d 1, 3 (2002). In fact, "[t]he agreement need not be in writing and no funds are required to be exchanged in order to establish the existence of the settlement contract." *Walland v. Rinehart*, 8th Dist. Cuyahoga Nos. 51935 and 52672, 1987

---

[3] "Because settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law." *Hall v. City of Williamsburg*, 768 F. App'x 366, 378 (6th Cir. 2019).

3

Ohio App. LEXIS 6805, *4 (Mar. 26, 1987); *Wilson v. Pride,* 8th Dist. Cuyahoga No. 107793, 2019-Ohio-3513, ¶ 31.

When analyzing the enforceability of settlement agreements, basic contract law applies.  In other words, the Court need only determine whether the essential elements of a contract – offer, acceptance, consideration, and a meeting of the minds – exist.  *Med. Mut. of Ohio v. Air Evac EMS, Inc.*, 341 F. Supp. 3d 771, 779 (N.D. Ohio 2018); *see*, *also*, *Williams v. Ormsby*, 2012-Ohio-690, ¶ 14.  As part of the mutual assent (meeting of the minds), there must be a "definite offer on one side and an acceptance on the other." *Perkins v. Merrilees*, No. 2:13-cv-367, 2017 U.S. Dist. LEXIS 215783, at *10 (S.D. Ohio Sep. 27, 2017) (internal citations omitted). While the terms of the settlement agreement must be reasonably certain and clear, "all agreements have some degree of indefiniteness and some degree of uncertainty." *Kostelnik* at 4, citing 1 Corbin on Contracts (Perillo Rev. Ed. 1993) 530, Section 4.1.

Here, the words, deeds, acts, and silence of the parties demonstrate that they entered into a valid and binding settlement agreement.  As demonstrated above, the parties agreed to a settlement in writing on January 16, and then confirmed specific terms of the agreement on January 16 and 17.  Shortly thereafter, the parties exchanged drafts and agreed to each and every term of the Settlement Agreement.  As such, the parties' conduct demonstrates the existence of a valid and enforceable agreement.  *See Tocci v. Antioch Univ.*, 967 F. Supp. 2d 1176, 1197-98 (S.D. Ohio 2013) ("[t]o determine whether the parties have manifested mutual assent, 'the law is only interested in objective manifestations of intent.'"); *Santomauro v. Sumss Property Mgt., LLC*, 2019-Ohio-4335, 134 N.E.3d 1250, ¶ 33 (9th Dist.) ("In the event that incidental terms or details are not concluded in the agreement, they can be resolved later . . . but their omission does not render the agreement unenforceable"); *Wensink Farm Seeds, Inc. v. Lafever*, No. 16-cv-1282, 2017

4

U.S. Dist. LEXIS 97609, at *10 (N.D. Ohio June 23, 2017) ("The draft agreement sent by Cavanagh was an offer which was accepted by Defendants to form an enforceable settlement agreement").

Once an enforceable agreement is reached, a party cannot later repudiate that agreement by claiming that her attorney did not have authority to agree to a specific amount or terms.  In settlement negotiations, a party need only give her counsel authority *to negotiate* settlement with opposing counsel. *See Kraras v. Safeskin Corp.*, No. 2:98-cv-0169, 2004 U.S. Dist. LEXIS 28876, at *17 (S.D. Ohio Aug. 26, 2004) ("if an attorney is given authority to negotiate a settlement, but settles the client's claims on terms unacceptable to the client, such a settlement is enforceable"). Even then, that authorization does not need to be express, but rather "may be ascertained from the surrounding circumstances."  *Renewal by Andersen LLC v. Fillar*, No. 1:15 CV 1117, 2015 U.S. Dist. LEXIS 147596, at *7-8 (N.D. Ohio Oct. 30, 2015); *see, also*, *Patel v. Lowes Home Ctrs., Inc.*, No. 2:05-cv-0775, 2007 U.S. Dist. LEXIS 12020, at *16 (S.D. Ohio Feb. 16, 2007) ("Ohio subscribes to the rule that the authority to negotiate and settle a client's claim 'need not be express, but may be ascertained from the surrounding circumstances'"). This rule, importantly, allows "prudent litigants [to] rely on opposing counsel's representation of authorization to settle. [As] [f]ear of a later claim that counsel lacked authority to settle would require litigants to go behind counsel to the opposing party in order to verify authorization for every settlement offer." *Capital Dredge & Dock Corp. v. City of Detroit*, 800 F.2d 525, 531 (6th Cir. 1986).

Here, the Cleveland Clinic reasonably relied upon Plaintiff's counsel's representation that he had settlement authority.  Plaintiff's counsel a) made an express settlement offer in writing; b) confirmed agreement to that offer in writing; and c) negotiated and agreed to specific terms of a

Settlement Agreement. Plaintiff's counsel did so without qualification or representation and did not express any contingent nature of his offer or the agreement.

Ohio federal courts have repeatedly enforced settlement agreements under similar circumstances, concluding the plaintiff provided negotiation authority upon which the defendant could rely. For example, in *Wensink Farm Seeds, Inc. v. Lafever*, No. 16-cv-1282, 2017 U.S. Dist. LEXIS 97609, at *13 (N.D. Ohio June 23, 2017), the plaintiff authorized its attorney to discuss settlement and the parties, through counsel, subsequently had those discussions. *Id.* at *12. After the parties reached agreement, the plaintiff claimed it had final settlement approval rights, but its counsel never conveyed the bounds of his authority. *Id.* In enforcing the settlement agreement, the Court reasoned, in part, that "[b]ecause of [the attorney's] position as [plaintiff's] attorney, . . . Defendants' assumption that he had authority to make a settlement offer is justified. By giving [plaintiff's attorney] authority to negotiate settlement, [plaintiff] authorized the apparent authority on which Defendants could rely." *Id.* at *12-13. *See*, *also*, *Patel v. Lowes Home Ctrs., Inc.*, No. 2:05-cv-0775, 2007 U.S. Dist. LEXIS 12020, at *11 (S.D. Ohio Feb. 16, 2007) (finding a binding settlement was reached based "upon the fact that Mr. Youell, an experienced attorney, did not convey to Mr. Kadela that the offer being made was contingent upon further approval by Ms. Patel[.]"); *Rubel v. Lowe's Home Ctrs., Inc.,* 597 F. Supp. 2d 742, 746 (N.D. Ohio 2009) ("if a client authoriz[es] his attorney to negotiate a settlement, but then the attorney 'settles the client's claims on terms unacceptable to the client, such a settlement is enforceable despite the client's lack of consent.'") (internal citations omitted).

For all these reasons, the parties entered into a valid and enforceable settlement agreement and the Cleveland Clinic respectfully requests that the Court enforce the parties' settlement agreement.

**B.** **Plaintiff's Failure to Comply with the Settlement Agreement Justifies an Award of Attorneys' Fees.**

As the Sixth Circuit has held, "Ohio law allows a court to award attorney's fees as compensatory damages when a party's breach of a settlement agreement makes litigation necessary . . ." *Rohrer Corp. v. Dane Elec Corp. USA*, 482 F. App'x 113, 117 (6th Cir. 2012). "Attorney's fees as compensatory damages are available whether a party files a separate breach of contract suit or a motion to enforce settlement before the original trial court." *Wilson v. Prime Source Healthcare of Ohio*, No. 1:16-cv-1298, 2018 U.S. Dist. LEXIS 34445, at *8 (N.D. Ohio Mar. 2, 2018) ("Defendants have breached the settlement contract by refusing to execute the settlement agreement according to the terms . . . As a result, Defendants have forced Plaintiffs to litigate this motion to enforce the settlement. Plaintiffs are therefore entitled to attorney's fees stemming from this additional litigation as compensatory damages.").

Awarding attorneys' fees in these circumstances is "consistent with the strong public policy that exists in encouraging settlements and enforcing settlement agreements." *Rayco Mfg.* at ¶17 (*citing Spercel*, 31 Ohio St.2d at 38). Here, the Cleveland Clinic has incurred additional legal fees and expenses through continued litigation as a result of Plaintiff's breach of her settlement agreement.

For these reasons, the Cleveland Clinic respectfully requests that this Court award its attorneys' fees and costs resulting from its efforts to enforce the parties' settlement agreement.

**III.    CONCLUSION**

For all these reasons, the Cleveland Clinic respectfully moves this Court to issue an Order enforcing the parties' settlement agreement and awarding the Cleveland Clinic its attorneys' fees and costs incurred in enforcing the settlement.

Respectfully submitted,

*/s/Andrew J. Cleves*
Michael N. Chesney (0059826)
*mchesney@frantzward.com*
Andrew J. Cleves (0089680)
*acleves@frantzward.com*
**FRANTZ WARD LLP**
200 Public Square, Suite 3000
Cleveland, OH 44114-1230
Telephone: 216-515-1660
Facsimile: 216-515-1650

*Attorneys for Defendant*
*The Cleveland Clinic Foundation*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on February 13, 2020. Notice of this filing will

be sent to all parties by operation of the Court's electronic filing system.

*/s/Andrew J. Cleves*
Michael N. Chesney (0059826)
*mchesney@frantzward.com*
Andrew J. Cleves (0089680)
*acleves@frantzward.com*
**FRANTZ WARD LLP**
200 Public Square, Suite 3000
Cleveland, OH 44114-1230
Telephone: 216-515-1660
Facsimile: 216-515-1650

*Attorneys for Defendant*
*The Cleveland Clinic Foundation*