IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE N. OLSZEWSKI | ) | Case no. 1:19-cv-754 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | Magistrate Judge David A. Ruiz |
| vs. | ) | |
| | ) | **DEFENDANT'S BRIEF IN** |
| THE CLEVELAND CLINIC | ) | **OPPOSITION TO PLAINTIFF'S** |
| FOUNDATION | ) | **MOTION FOR LEAVE TO FILE SUR-** |
| | ) | **REPLY** |
| Defendant. | | |

Defendant the Cleveland Clinic Foundation ("Defendant" or "the Cleveland Clinic") opposes Plaintiff's Motion for Leave to File Instanter her Sur-Reply in support of her Opposition to Defendant's Motion to Enforce the Settlement Agreement.

Although Plaintiff cites *Engineering & Manufacturing Services, LLC v. Ashton, et al.*, 387 F. App'x 575, 2010 U.S. 14978, *20 (6th Cir. 2010) for the proposition that she should be permitted to file a sur-reply, Plaintiff does not explain how she can meet the Sixth Circuit's standard. She cannot.

To file a sur-reply, a party must demonstrate that the opposing party's reply introduced new evidence or raised new arguments. *Mirando v. United States Dep't of Treasury*, 766 F.3d 540, 548 (6th Cir. 2014). However, "new evidence" is introduced where, for example, the party relies upon "sworn documents compiled after the opposing party has filed opposition papers" or "attach[es] additional evidence in the form of declarations with exhibits." *Brantley v. Cinergy Corp.*, No. C-1-01-378, 2006 U.S. Dist. LEXIS 8377, at *13 (S.D. Ohio Feb. 9, 2006) (sworn documents); *Seay v. TVA*, 339 F.3d 454, 480 (6th Cir. 2003) (declarations). "New arguments" are new *legal* arguments. *Luis v. Zang*, No. 1:12-cv-629, 2018 U.S. Dist. LEXIS 53958, at *5-6 (S.D. Ohio Mar. 30, 2018) ("Defendant's 5-page reply does not present any new legal arguments

that were not contained in the Defendant's original motion, nor does the reply memorandum present any new evidence."). A party does not present "new arguments" when it raises a counterpoint, as that is consistent with a reply brief's purpose. *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp.2d 791, 797-98 (W.D. Tenn. 2012) (also *citing Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011) for the proposition that "[t]he Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise any new legal arguments.")

Thus, the standard to demonstrate that a sur-reply is warranted is high, as sur-replies are disfavored in federal court for many reasons. *See Abraitis v. United States*, No. 1:11-cv-2077, 2012 U.S. Dist. LEXIS 97350, at *3-4 (N.D. Ohio Jul. 13, 2012) (citing *Sea*, 339 F.3d at 481-82; *In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) ("The court generally grants leave to file a post-reply brief only in extraordinary circumstances after showing of good cause."); and *International-Matex Tank Terminals-Illinois v. Chemical Bank*, 2009 U.S. Dist. LEXIS 49225, (W.D. Mich. June 11, 2009) (citing cost and effort of additional filings)). In fact, sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Liberty Legal Found.*, 875 F. Supp.2d at 797; *Hunt v. Napoleon,* No. 2:17-cv-12680, 2019 U.S. Dist. LEXIS 94253, at *15 (E.D. Mich. May 2, 2019).

Here, even the authority cited by Plaintiff does not support her position. In *Ashton*, the party's reply brief and several exhibits included "data not provided to plaintiff in discovery" and an affidavit. 387 F. App'x at 579-580. In contrast, the Cleveland Clinic submitted no new evidence, citing only to emails attached to Plaintiff's opposition brief. (*See* Defendant's Reply in Support of Its Motion to Enforce Settlement, Document Number ("DN") 19, pp. 2-3). While

Plaintiff focuses on the Cleveland Clinic's discussion of "Attestations of Destruction" and protected health information ("PHI"), the Cleveland Clinic addressed these issues only in response to Plaintiff's related arguments in her opposition brief.  Specifically, Plaintiff argued that an email referencing "attestations," constituted a counter-offer (*See* Plaintiff's Brief in Opposition to Defendant's Motion to Enforce Settlement, DN 18, p.10).  Consistent with a reply brief's purposes, the Cleveland Clinic countered Plaintiff's arguments and demonstrated otherwise.

Plaintiff's proposed sur-reply rehashes arguments and references materials to which Plaintiff has had access since the Cleveland Clinic filed its Motion to Enforce the Settlement Agreement over two months ago, on February 13, 2020. (DN 16).  Because Plaintiff has not demonstrated good cause to file another brief, the Cleveland Clinic respectfully requests that this Court deny Plaintiff's Motion for Leave to File Instanter her Sur-Reply in support of her Opposition to Defendant's Motion to Enforce the Settlement Agreement.

                                      Respectfully submitted,

                                      */s/ Michael N. Chesney*
                                      Michael N. Chesney   (0059826)
                                      Andrew J. Cleves       (0089680)
                                      FRANTZ WARD LLP
                                      200 Public Square, Suite 3000
                                      Cleveland, OH  44114
                                      Telephone: 216-515-1660
                                      Facsimile: 216-515-1650
                                      mchesney@frantzward.com
                                      acleves@frantzward.com

                                      *Attorneys for Defendant*
                                      *The Cleveland Clinic Foundation*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically on April 16, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/Michael N. Chesney*
*One of the Attorneys for Defendant*
*The Cleveland Clinic Foundation*
